# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MICHAEL LEE GORDON**                                                  **PLAINTIFF**

**V.**                                               **NO. 4:15-CV-175-DMB-SAA**

**KATHRYN MCINTYRE,**
**TANYA BERRY,**
**JESSICA SELLERS,**
**MOODY, MORRIS, UNKNOWN**
**MAIL ROOM PERSONNEL,**
**GIA MCLEOD, et al.**                                         **DEFENDANTS**

## ORDER RESCINDING IN FORMA PAUPERIS STATUS

On December 7, 2015, Michael Lee Gordon, while an inmate in the custody of the Mississippi Department of Corrections, filed a complaint challenging the conditions of his confinement. Doc. #1. That same day, Gordon filed an "Affidavit in Support of Motion to Proceed In Forma Pauperis." Doc. #2. On December 23, 2015, Gordon filed an amended complaint, specifying as the grounds for his lawsuit *Bivens* and 42 U.S.C. § 1983. Doc. #6. On August 9, 2016, the Court granted Gordon's request to proceed in forma pauperis. Doc. #10. The Court now reviews sua sponte the plaintiff's in forma pauperis status under the "three strikes" provision of the Prison Litigation Reform Act.

28 U.S.C. § 1915 provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees …." 28 U.S.C. § 1915(a)(1) (2015). Section 1915(g), however, limits this authority by providing:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Gordon has accumulated three "strikes" under 28 U.S.C. § 1915(g).[1] *See Gordon v. Lappin*, 224 F. App'x 192, 194 (3d Cir. 2007) ("[W]e conclude that Gordon's appeal fails to state a claim on which relief may be granted."); *Gordon v. Durkin*, No. 2:09-cv-00919, 2009 WL 4679504, at *1 (S.D. Ohio Dec. 4, 2009) (dismissing complaint and adopting Report and Recommendation which "conclude[s] that the complaint fails to state a claim upon which relief may be granted"); *Gordon v. Hawk-Sawyer, et al.*, No. 1:03cv177, slip op. at 2 (E.D. Tex. Sep. 15, 2004) ("[P]laintiff's claims are frivolous and fail to state a claim upon which relief may be granted.") (footnote omitted), *aff'd*, No. 04-41313 (5th Cir. May 18, 2006). Accordingly, unless Gordon is "under imminent danger of serious physical injury," Gordon may not proceed in forma pauperis. 28 U.S.C. § 1915(g). None of Gordon's filings show him as being "under imminent danger of serious physical injury." Indeed, the sole claim in Gordon's initial and amended complaint is that the defendants denied him meaningful access to the courts. Doc. #1; Doc. #6. Accordingly, Gordon's in forma pauperis status is **RESCINDED as improvidently granted**. Gordon must pay the full $350 filing fee within fourteen (14) days of this Order or his complaint will be dismissed for want of prosecution.

**SO ORDERED**, this 13th day of September, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[1] Other courts have recognized that Gordon has accumulated three strikes and is ineligible to proceed in forma pauperis under 28 U.S.C. § 1915: *Gordon v. Seah, et al.*, No. 1:13-CV-1928-TWT (N.D. Ga. July 19, 2013); *Gordon v. Keller, et al.*, No. 1:10-CV-3470-TWT (N.D. Ga. Nov. 4, 2010); *Gordon v. Scott, et al.*, No. 5:07-cv-482-Oc-10GRJ (M.D. Fla. Apr. 22, 2008); *Gordon v. Scott, et al.*, No. 5:07-cv-285-Oc-10GRJ, (M.D. Fla. Oct. 4, 2007).

2